UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Docket No. 1:20-cr-156 |
| Plaintiff, | Hon. Janet T. Neff |
| V | |
| MICHAEL CHAD SUTHERLAND, | |
| Defendant. | |

---

| | |
|---|---|
| Daniel T. McGraw | Christopher M. Gibbons |
| Asst. United States Attorney | GIBBONS & BOER |
| Attorney for Plaintiff | Attorney for Defendant |
| 330 Ionia Avenue, NW | 2404 Eastern Ave., SE |
| Grand Rapids, MI  49501 | Grand Rapids, MI  49507 |
| (616) 456-2404 | (616) 460-1587 |

---

DEFENDANT SUTHERLAND'S SENTENCING MEMORANDUM
And BRIEF IN SUPPORT OF DOWNWARD DEPARTURE AND/OR VARIANCE

---

NOW COMES Michael C. Sutherland, by and through his attorney, Christopher M. Gibbons, and for his Sentencing Memorandum, offered in support of his sentencing scheduled to occur on September 1, 2021 at 11:00 a.m., states as follows:

Overview

Michael Sutherland has been addicted to methamphetamine for many years.  Mr. Sutherland had more recently connected with his cousin and co-defendant, Ronald Sutherland. Although the two are related, they did not really meet one another until late in the year 2019. Having finally met, after all these years, both men found that they got along just fine.  Michael, who has a long-term history of instability due to his substance abuse issues, found support with

his new-found relative. Ronald had money, a home, and just as significantly for Michael, a seemingly steady supply of methamphetamine. Shortly after uniting, Ronald offered a Michael a room, and provided him with methamphetamine in support of Michael's daily habit. Michael Sutherland did pick up day work installing flooring and engaged in petty crime so he could purchase meth to meet the daily demands of his addiction.

Michael Sutherland's life revolved using and acquiring drugs. This fact is evidenced by the extensive record he has accumulated for retail fraud and petty theft. Ronald Sutherland let Michael stay in his home because Michael did not have the resources to provide stable housing for himself. Michael has a history of living with others in their homes or renting hotel rooms. This lifestyle all came to a head on June 22, 2020, when Michael agreed to accompany Ronald Sutherland on a trip to Kalamazoo, Michigan.

On that date, Ronald Sutherland was to meet with a source of methamphetamine supply. Mr. Sutherland had a prior bad experience with this source, who has previously sold him a quantity of exceedingly poor-quality methamphetamine. Ronald felt he needed back-up on this trip to purchase another pound of methamphetamine. Michael agreed to go along for the ride and provide support for his cousin. Michael was to be compensated with a quantity of methamphetamine in grams, that would sustain his habit for a few days. So he was to receive a small quantity of drugs in addition to the other support his cousin provided, such as a room and access to the contents of the refrigerator, and the like.

As the Sutherland cousins were returning to their home in Allegan, Michigan they were stopped by the police. During the police stop the officers found the cousins to be in the possession of a quantity of methamphetamine, and an unloaded handgun. The contraband was

seized, and the cousins were released. Charges relating to this event were advanced by way of the Indictment issued in this case on October 7, 2020.

On April 14, 2021, Mr. Sutherland pled guilty to Counts 1 and 5 of the Indictment. Count 1, the conspiracy offense carries a mandatory minimum sentence of 120 months. Count 5, the gun charge, carries a mandatory minimum sentence of 60 months, to be served consecutively to any time imposed on Count 1. This case was then referred to the United States Probation Office to produce a Presentence Investigation Report and this case was set for a Sentencing hearing.

## The Presentence Report

Mr. Sutherland was provided with a copy of the Initial and Final Presentence Investigation Report in a timely manner. No objections, additions or corrections were necessary. The final Presentencing Investigation Report is accurate and complete. Mr. Sutherland advances no factual or legal objections to the scoring of the provisional guidelines. The provisional guidelines have been scored at Offense Level 25/Criminal History Category V producing a recommended range of incarceration of 100 to 125 months[1]. The guidelines on Count V at 60 months to life, to run consecutive to the sentence imposed on Count 1.

While Mr. Sutherland does not advance any factual or legal objections to the scoring of the guidelines, the Court is advised that Mr. Sutherland believes the advisory guideline range to be "greater than necessary" to achieve the ends of sentencing and, in application, severe, as the purpose of sentencing can be satisfied by a sentence below the guidelines in this case.

---

[1] The Final Presentence Report indicates that Level 25/Criminal History Category V guideline range is 120-125 months (PSI ¶123). The correct range appears to be 100-125 months.

Impact of §5K1.1 Motion

The Government has recognized the substantial assistance provided by Michael Sutherland by moving the Court to release the mandatory minimum sentence associated with Count 1, and by granting a 68 month reduction in the associated guideline range. If the Court were to grant the Government's motion, the final guideline range in this case would be 32-57 months as to Count 1, followed by a mandatory sentence of 60 months to life for Count 2. The total resulting guideline range with respect to both Counts is 92-117 months.

Allocution

The 18 U.S.C. §3553(A) Factors

In approaching the determination of an appropriate sentence in any particular case the Court should first apply the sentencing guidelines and correctly calculate the guideline range. *Gall v United States*, 525 U.S. 38 (2007), wherein the Supreme Court stated that the district court should begin all sentencing proceedings by correctly calculating the applicable guideline range, and that "to secure nationwide consistency, the Guidelines should be the starting point and initial benchmark".

The Court should then weigh the propriety of the provisional guideline range against the factors enumerated in 18 U.S.C. S3553(a). After considering the advisory range, the positions of the parties, and the factors, a sentencing court is to impose a sentence that is sufficient, but not greater than necessary, to achieve the purposes of sentencing.

1. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.

Michael Sutherland stands before this Court, first and foremost, as a penitent participant and for the purposes of this proceeding, as he was in his daily life prior to his arrest in this matter, a horribly addicted meth user. Mr. Sutherland's relationship with methamphetamine has taken just

4

about every meaningful thing in his life, but for hope.  He has failed his children.  He has failed his significant other.  He has failed his employer.  He has broken the social contract on any number of levels; all for the sake of meeting his dependency on methamphetamine.  He will now lose his liberty to methamphetamine.  But to his credit, Mr. Sutherland has hope.  He has hope for a future free of the drug that drove him to the margins of society, that drove him to make decisions (for which he takes full responsibility) to direct his energy, his time, his attention away from his responsibilities as a parent and provider in order to support and meet the demands of his addiction instead of his children.  Michael Sutherland will be the first to tell you that no one ever forced him to use drugs.  He made that decision, every time he used, all by himself.  He regrets that decision making.  Mr. Sutherland will address the Court and inform the Court that he desires to take advantage of drug treatment and counseling will in the custody of the Federal Bureau of Prisons.  Mr. Sutherland further wishes that the Court will recommend vocation programs or training as well.

It is certainly a fact that Mr. Sutherland will be spending a number of years in prison because of his choices in this case.  Mr. Sutherland is hopeful that while in custody he can acquire a new skillset that can act as a springboard for success when he is released to rejoin his children and partner so that he can be the provider and example of productive living that they need and desire.

2. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense.

The guidelines recommended in this case account for the seriousness of the offense and the culpability of Mr. Sutherland. The sentencing guidelines reflect the seriousness of the offense in this case.  The Court is asked to take into consideration that criminality in this case involved a

relatively minor role in a larger drug conspiracy. Mr. Sutherland had no interest or expectancy in the purchase beyond being given a small amount for his own personal use. Mr. Sutherland was not a reseller of the contraband purchased by his cousin Ronald. The Court is also directed to Mr. Sutherland's prior record, which demonstrates and confirms the reality of the life of a drug addict. A record of petty theft crimes and minor drug possession cases, all of which are related to Mr. Sutherland's drive and desire to meet the demands of his addiction. His addiction to methamphetamine does not excuse his behavior. But it does offer insight into his motivation, and the nature and extent of the sentence this Court should impose in this case. Taking all into consideration, Mr. Sutherland believes a sentence below the recommended guideline outcome can achieve the ends of sentencing and would reflect the seriousness of the criminal conduct being addressed by this Court in this case.

    3. To Afford Adequate Deterrence for Criminal Conduct, 4. The Need for the Sentence Imposed to Protect the Public from Further Crimes of the Defendant, 5. The Need for the Sentence Imposed to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner, and 6. The Kinds of Sentences Available.

  With respect to these factors, the guidelines have recommended a term of incarceration, and the further provides for the imposition of a significant period of supervised release. Mr. Sutherland requests that he be afforded drug treatment, mental health treatment, educational opportunities, and trade skill vocational training while serving his sentence with the Federal Bureau of Prisons.

  Wherefore, Mr. Sutherland requests that this Honorable Court sentence him below the bottom end of the recommended sentencing range.

August 25, 2021.                                Respectfully Submitted,

                                                        *Christopher M. Gibbons*
                                                        Attorney for Michael C. Sutherland

GIBBONS & BOER<br>
2404 Eastern Ave., SE<br>
Grand Rapids, MI  49503